### WARD v. MERRITT & CO.

(Circuit Court, E. D. Pennsylvania. November 18, 1909.)

PATENTS (§ 328*)—INFRINGEMENT—METAL JOINT FOR FENCES.

The Ward patent, No. 502,840, for a metal joint for fences, *held* infringed by one structure made by defendant, and not infringed by another.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit by Joseph T. Ward against Merritt & Co. Decree for complainant.

John P. Croasdale, for plaintiff.

Ernest Howard Hunter, for defendants.

J. B. McPHERSON, District Judge. The plaintiff is the inventor and owner of the metal joint for fences that is described in letters patent No. 502,840. The object of the invention is "to afford a simple and durable connection and support for rods, bars, or rails where they cross the posts of fences." This object is attained by the following device:

"The sleeve or joint is a hollow pipe or tube, bulging midway between its two extremities, with a rectangular hole or slot cut vertically through this bulging or enlarged part and at right angles to the longitudinal axis of said pipe or tube; said transverse rectangular hole being larger at the bottom, E, than at the top, A, to permit play of the post within this hole in cases of grades—that is, to allow the post always to remain perpendicular, whether the bars or rods are horizontal or not. One rod or bar, passing into and part way through the hole, B, of this sleeve, passes also through the post, thus locking post, sleeve, and bar together. The other rod or bar passes into hole B at other end of sleeve until it meets the bar coming through from opposite end. * * *

"The rods, F and G, do not meet at or near the point of intersection of the sleeve and the post, so that when the sleeve rusts through just at the outer line of contact of sleeve and post at H (which frequently occurs by reason of water accumulating there), the rod does not fall, as it would, were the end also at this point; that is to say, in case of such breaking of the sleeve at point of contact, H, the rod, by passing beyond this point, H, sustains the piece of the broken sleeve, and thus the other rod resting therein."

The present suit involves claims 2 and 3, which are as follows:

"2. The combination with a post of a sleeve or joint with longitudinal tube for rods, and rods meeting within the sleeve at a point an inch more or less to one side of post, substantially as described.

"3. The combination with a post of a sleeve or joint with longitudinal tube for rods and transverse slot for post, and rods meeting within the sleeve at a point an inch more or less to one side of the post, substantially as described."

The case does not seem to require discussion. The answer admits infringement, and the testimony proves it beyond doubt. This statement, however, applies only to defendants' joint No. 1; for in my opinion joint No. 2 does not infringe the patent in suit. Whether it offends against any other patent owned by the plaintiff is not now in question. It does not infringe the foregoing combination claims, because it does not employ one of the elements of the combination, or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its substantial equivalent, namely, the specific construction described in the clause, "rods meeting within the sleeve at a point an inch more or less to one side of post." On the contrary, it prevents such meeting by interposing a closed stop or solid diaphragm at a different point, H, the intersection of the sleeve and the post, so that neither rod can go beyond that point, and therefore the advantages set forth in the second paragraph above quoted from the specification cannot exist.

As the validity of the patent in suit is conceded, a decree in the usual form may be entered in favor of the plaintiff.